

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-28-2009

# USA v. Galindez

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3696

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation
"USA v. Galindez" (2009). *2009 Decisions*. Paper 1469.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1469

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 07-3696

———

UNITED STATES OF AMERICA

v.

HERMINIO GALINDEZ,
                                              Appellant

———

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. No. 06-cr-00667-2)
District Judge: Hon. Harvey Bartle, III

———

Submitted Under Third Circuit LAR 34.1(a)
April 24, 2009

Before: SCIRICA, Chief Judge, SLOVITER and FISHER, Circuit Judges

(Filed: April 28, 2009)

———

OPINION

SLOVITER, Circuit Judge.

Herminio Galindez appeals the District Court's denial of his motion to suppress and its purported denial of his motion for acquittal. He also challenges the reasonableness of his sentence. We will affirm the District Court in all respects.

**I.**

In a separate opinion filed today, we address the appeal of Galindez' co-defendant, Jose Del Valle and detail the events preceding the vehicle stop that Galindez and Del Valle contend violated their Fourth Amendment rights. *United States v. Del Valle*, No. 07-3695, slip op. at 2-5 (3d Cir. April 28, 2009). Rather than repeat that recitation of the facts here, we incorporate them by reference herein and recount only those facts unique to Galindez' appeal.

After the stop of the red pickup truck, which Del Valle was driving at the time and in which Galindez was crouching above the back seat with an open duffle bag containing cocaine, DEA agents recovered approximately 24 kilograms of cocaine and $22,000 in cash, and took Galindez into custody. The following day, a magistrate judge issued an arrest warrant for Galindez and, at a subsequent preliminary hearing, Galindez stipulated to the existence of probable cause for his arrest. The District Court denied Galindez' motion to suppress the physical evidence and the statements resulting from the stop of the

red pickup,[1] and a jury convicted him of conspiracy to possess, with the intent to distribute, five kilograms or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846; possession, with the intent to distribute, five kilograms or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A); and aiding and abetting the possession of five kilograms or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 18 U.S.C. § 2. Galindez was sentenced to 262 months incarceration.

## II.

Galindez argues that the District Court erred in denying his motion to suppress because the vehicle stop did not comport with the Fourth Amendment.[2] Galindez' co-defendant, Del Valle, appealed the District Court's denial of his motion to suppress the same evidence on the same ground. In our opinion in Del Valle's appeal, we concluded that the stop was supported by reasonable suspicion. *Del Valle*, No. 07-3695, slip op. at 5-7. For the same reasons, we conclude that the District Court properly denied Galindez' motion.

In addition to the arguments we addressed in *Del Valle*, Galindez contends that the stop was unconstitutional under *Alabama v. White*, 496 U.S. 325 (1990), because the

---

[1] Galindez has standing to challenge the constitutionality of the vehicle stop even though he had no possessory interest in the vehicle. *See Brendlin v. California*, 127 S. Ct. 2400, 2402-03 (2007); *United States v. Mosley*, 454 F.3d 249, 253 (3d Cir. 2006).

[2] The District Court had jurisdiction under 18 U.S.C. § 3231 and we have jurisdiction under 28 U.S.C. § 1291.

initial DEA surveillance was based on an anonymous tip that the Palisades Park house was a drug house. This argument fails because the stop of the red pickup was not based solely on an uncorroborated anonymous tip. As discussed in *Del Valle*, the totality of the circumstances provided sufficient facts to support the agents' reasonable suspicion for the vehicle stop. Slip op. at 7.

Galindez also argues that his arrest warrant was issued in the absence of probable cause. Galindez' challenge to the arrest warrant also fails because the evidence he sought to suppress resulted from the vehicle stop, which occurred a day *before* the arrest warrant was issued. Even if the warrant had been defective, any such defect would not have led to the suppression of evidence discovered prior to its issuance.

Galindez also argues that the District Court erred in denying his motion under Federal Rule of Criminal Procedure 29 for an acquittal based on insufficiency of the evidence. We see no evidence in the record that Galindez made such a motion. As a result, we review Galindez' challenge to the sufficiency of the evidence for plain error. *United States v. Mornan*, 413 F.3d 372, 381 (3d Cir. 2005). Reversal is appropriate under plain error review only where 1) there is an error, 2) that is plain, 3) that affects substantial rights, and 4) that "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *United States v. Wolfe*, 245 F.3d 257, 260-61 (3d Cir. 2001). As such, establishing insufficiency of the evidence "places a 'very heavy burden' on the appellant." *Mornan*, 413 F.3d at 382 (quoting *United States v. Coyle*, 63 F.3d 1239, 1243 (3d Cir.

4

1995)).

Galindez cannot overcome this burden. He contends that the evidence produced at trial was insufficient to establish that he had constructive possession of the cocaine. He is wrong. The jury heard evidence that Galindez carried the duffle bag containing drugs from the black SUV to the red pickup and that when the vehicle was stopped, Galindez was found in the back cabin of the pickup with the open duffle bag of cocaine packages. The jury also heard testimony that Galindez, after waiving his *Miranda* rights, said, "You got me with 24 kilos, what else is there to say?" App. at 379. There was sufficient evidence upon which "a reasonable jury believing the government's evidence could find beyond a reasonable doubt that the government proved all the elements of the offenses." *Mornan*, 413 F.3d at 382 (quotation omitted).

Galindez also argues that the evidence was insufficient to establish that he conspired to possess more than five kilograms of cocaine. This argument is likewise without merit. In light of the evidence provided at trial, "a reasonable jury . . . could find beyond a reasonable doubt" that Galindez knowingly participated in trafficking that quantity of cocaine in combination with Del Valle and others.[3] *Id.* (quotation omitted).

---

[3] Because we conclude that the District Court's denial of Galindez' motion to suppress was proper, we need not address Galindez' argument that his sentence was unreasonable because his only basis for that contention was that his conviction was based on evidence that should have been suppressed.

**III.**

For the above-stated reasons, we will affirm the judgment and sentence of the District Court.